UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DARRYL TYRONE WARE**, <br><br> Defendant. | Case No. 1:01-cr-00431 (TNM) |

### MEMORANDUM ORDER

In 2003, Darryl Ware pled guilty to distributing cocaine. He was sentenced to 136 months' incarceration—later reduced to 106 months—followed by five years of supervised release. Ware now moves to expunge his criminal record because it is limiting his government employment opportunities. Mot. Expunge, ECF No. 26. The Government opposes. Opp'n, ECF No. 27. Because Ware does not identify a statutory basis for expungement or allege a violation of his rights, the Court denies his motion.

There is no "standalone right" to have criminal records expunged just because they are "prejudicial." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 536 (D.C. Cir. 2015). Rather, expungement is an equitable "*remedy*" used "to vindicate constitutional and statutory rights." *Id.* at 537. For example, it may be warranted if a statute authorizes it or if it is necessary to correct "flagrant constitutional violations." *United States v. Blackwell*, 45 F. Supp. 3d 123, 124 (D.D.C. 2014). But there is no "nebulous *right* to expungement" independent of the "violation of an established legal right." *Abdelfattah*, 787 F.3d at 536, 538.

Ware does not identify any statutory basis for expungement here, nor does he identify a constitutional violation. *See* Mot. Expunge. Indeed, he does not allege a violation of *any* legal right. *See id.* He merely wants his criminal record expunged because it limits his upward mobility in his government employment. *See id.* So he has not identified a "legally cognizable

injur[y]" for which expungement is an appropriate remedy. *Abdelfattah*, 787 F.3d at 538. Simply put, "[a] defendant's difficulty in finding or retaining employment is a common consequence of conviction and does not constitute grounds for expungement." *United States v. Rowlands*, 451 F.3d 173, 179 (3d Cir. 2006); *see also Blackwell*, 45 F. Supp. 3d at 124 (concluding the same).

In sum, Ware provides no legal justification for expungement, so the Court denies his motion. For these reasons, it is

**ORDERED** that Defendant's [26] Motion to Expunge Criminal Record is DENIED.

**SO ORDERED**.

Dated: June 10, 2025                                      TREVOR N. McFADDEN, U.S.D.J.